[Civ. No. 8538.    Third Dist.    July 20, 1955.]

CHARLES A. UTLEY, Respondent, v. JEWELL H. SMITH et al., Defendants; GENE LEWIS et al., Appellants.

Lewis, Lewis & Lewis for Appellants.

Noel C. Stevenson and Evan J. Hughes for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment decreeing specific performance of a contract resulting from the exercise of an option to buy real estate.

On September 30, 1952, Jewell H. Smith was the owner of a certain parcel of real property in Sacramento County. On that day he executed a written document entitled "Agreement of Sale," which acknowledged that he had received from Lewis and Desch, defendants and appellants here, the sum of $200 as the deposit upon the purchase price of his property. It was stated that the purchase price was $3,500 and that it was payable in cash upon the delivery of title. This document he signed and over the signatures of Lewis and Desch there was written the word "Accepted." No question is raised, and we think none could be raised, but that this document constituted an agreement of purchase and sale which, except as against interests prior in right, at once worked an equitable conversion of the title so that thereafter Lewis and Desch were the equitable owners and Smith retained the legal title pending the consummation of the agreement. (*Estate of Reid*, 26 Cal.App.2d 362, 367 [79 P.2d 451] ; *Estate of Dwyer*, 159 Cal. 664, 675 [115 P. 235].) Upon the same day Smith executed a document entitled "Option for Sale of Real Estate," which recited that in consideration of $10 Smith had received he was giving to Utley, plaintiff and respondent herein, the right and option to purchase from Smith on or before the 20th day of October, 1952 the same property above referred to. The purchase price was fixed at $3,500. The document provided that if respondent elected to purchase he would pay Smith $3,490 or might deposit that sum for Smith at the office of a named title company. On October 7, 1952, respondent recorded the option contract. Within the time given, that is, on October 10, 1952, respondent notified Smith in writing of his election to buy the property and deposited the full balance of the purchase price with the title company. He demanded that the property be conveyed to him. Appellants Lewis and Desch proceeded

under their contract of sale of September 30th and received a deed from Smith on October 14th. Smith refused to convey to respondent Utley and respondent began an action to compel specific performance, asking this relief against Smith and also against appellants Lewis and Desch. The trial court granted respondent's prayer for relief and ordered Lewis and Desch to convey the property to him. From that decision this appeal was taken.

As between optionor and optionee the exercise by the latter of an option to purchase property gives rise to a contract of purchase and sale binding upon the parties to the option and good as against intermediate purchasers of the property who were not bona fide purchasers without notice. Said the court in *Smith* v. *Bangham,* 156 Cal. 359, 363 [104 P. 689, 289 L.R.A.N.S. 522]:

"The option had at least the force of an offer to sell, and the acceptance of this offer before it had expired or had been revoked constituted a valid and binding contract from which neither party could recede."

In the cited case the optionor gave an option to the optionee to purchase separate property of the optionor. Before the option was exercised the optionor's wife declared a homestead and on exercise of the option the optionor refused to convey. The court said, at page 365:

". . . The option vests in the grantee the right or privilege of acquiring an interest in the land, and, when accepted, entitles him to call for specific performance. . . . Such right, when exercised, must necessarily relate back to the time of giving the option [citing case], so as to cut off intervening rights acquired with knowledge of the existence of the option."

It was material to determine whether or not the option preceded the agreement of sale between Utley and appellants for if appellants were first in time they were first in right. Respondent in his complaint pleaded the execution of the option contract, his election to purchase and the refusal of Smith to convey. Concerning appellants, he alleged that they "knew that the defendant Jewell H. Smith had given the aforesaid option . . . to the plaintiff, and after the making of said Option and after said defendants acquired knowledge of said Option . . . induced the defendant Jewell H. Smith to sell and convey" the property to them. These allegations were found by the trial court to be true and no more specific findings were made or asked for by the parties. Under the rule that findings must be construed in support

of the judgment where such a construction is reasonable we must consider that the trial court found that the option preceded the purchase and sale agreement in point of time, although both were executed on the same day and that, therefore, appellants' rights arose during the existence of the option and that they purchased with knowledge thereof. We so construe the findings, as the existence of the option would not prevent the vesting in appellants of rights under their purchase and sale agreement with Smith unless they had actual or constructive notice of the option. It is undisputed, and the court found, that the option agreement was recorded on October 7th, about a week after appellants contracted to buy from Smith. They could not, therefore, have had constructive notice of record. If we turn to actual notice we find a complete lack of any affirmative evidence, either testimonial or documentary, showing that appellants possessed such actual notice. On the contrary, we find much evidence by the testimony of witnesses to the effect that they did not have such notice and were, therefore, purchasing in good faith notwithstanding the option. Smith testified that he told appellants nothing about the option. Respondent did not testify that he gave any such notice until after appellants had executed with Smith their purchase and sale agreement. Appellants testified they had no notice or knowledge that the option was outstanding. It results, therefore, that the findings to the effect that appellants were not bona fide purchasers without notice are without support in the evidence and are in the face of positive evidence to the contrary. There is no reason appearing in the record why the trial court should refuse credence to the witnesses whose testimony we have summarized and the result is that the record shows appellants to have had, from the date of their purchase and sale agreement, the equitable title to the property notwithstanding the option; and that they were entitled, upon performance of their agreement, to receive the legal title from Smith. (55 Am.Jur. p. 505.)

The judgment is reversed.

Finley, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.